# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWIGHT COMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-534-SPS |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER
## GRANTING MOTION TO TRANSFER VENUE

This is an action by the Plaintiff Dwight Compton pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 - § 60 (the "FELA") for injuries suffered in the course of his employment with the Defendant BNSF Railway Company. The Defendant filed a Motion to Transfer Venue [Docket No. 11], seeking a convenience-based transfer of the case to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court finds that the motion to transfer should be granted and that the case should be transferred to the Northern District.

The Defendant has facilities in the Eastern District and therefore makes no claim that venue is improper here. *See* 45 U.S.C. § 56 ("[A]n action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which defendant shall be doing business at the time of commencing such action."). But the Defendant *does* contend that the Northern District is a more convenient forum for the witnesses and the parties, *see generally* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought."), a cognizable contention even in an FELA case. *See, e. g., Norwood v. Kirkpatrick,* 349 U.S. 32, 33 (1955), *citing Ex Parte Collett*, 337 U.S. 55, 57 (1949) (approving a convenience-based transfer pursuant to Section 1404(a) in an FELA case). The Plaintiff does not deny that the case could have been brought in the Northern District, but *does* contend that the Eastern District is the more appropriate forum.

It is the Defendant's burden to establish that the case should be transferred under Section 1404(a). *See Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) ("The burden of establishing that the suit should be transferred is upon the movant[.]"). The factors to consider in determining whether to transfer a case pursuant to Section 1404(a) are the following: (i) the plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (iii) the cost of making the necessary proof; (iv) questions as to the enforceability of a judgment if one is obtained; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) the possibility of the existence of questions arising in the area of conflict of laws; (viii) the advantage of having a local court determine the questions of local law; and, (ix) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Id.* at 147. *See also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Of these factors, only two would seem to favor one district over the other in this case, *i. e.*, the Plaintiff's choice of forum and the convenience of the witnesses and the parties.

A plaintiff's choice of forum is typically entitled to deference. *See Ritter*, 371 F. 2d at 147 ("[U]nless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."). But courts refuse such deference "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum[.]" *Cook v. Atchison, Topeka & Santa Fe Railroad Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993), *citing Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D. N.Y. 1991). In this case, all events giving rise to the Plaintiff's claim against the Defendant occurred in the Northern District, *i. e.*, he lives there, he works there, and the injuries on which he is suing were incurred there. The *only* connection to the Eastern District (and the sole basis of asserting venue herein) is the Defendant's maintenance of facilities here, which facilities have no connection whatever to the Plaintiff's claim. The Court therefore finds that the Plaintiff's choice of forum in the Eastern District does not militate either for or against transferring the case to the Northern District. *See, e. g., Robertson v. Kiamichi Railroad Co.*, 979 F. Supp. 2d 651, 656 (E.D. Tex. 1999) ("In a FELA action where none of the operative facts occur within the plaintiff's originally selected forum, the plaintiff's choice is entitled to only minimal consideration."), *citing Fletcher v. Southern Pacific Trans. Co.*, 648 F. Supp. 1400, 1404 (E.D. Tex. 1986). *See also Alexander & Alexander v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349 (S.D. N.Y. 1988) (noting that plaintiff's choice of forum entitled to substantial weight, but "that weight may be diminished where . . . a plaintiff brings suit outside its home forum.").

Thus, the determining factor regarding a transfer of *this case* pursuant to Section 1404(a) is the convenience of the witnesses and parties. *See, e. g., Cook,*, 816 F. Supp. at 669 ("The convenience of witnesses is the *most important* factor in deciding a motion under § 1404(a)."), *citing Buckley v. McGraw-Hill, Inc.,* 762 F. Supp. 430, 440 (D. N.H. 1991) [emphasis added]. On this point, the Defendant observes that all of the witnesses (as well as the Plaintiff himself) live and work in the Northern District. The Plaintiff, on the other hand, notes that neither he nor any of the witnesses would have to travel more than fifty miles to the courthouse in the Eastern District. Under these circumstances, the Eastern District is apparently not a particularly inconvenient forum for the witnesses and parties. But the Northern District is clearly more convenient, and the Court therefore finds that the Defendant has met its burden under Section 1404(a).

IT IS THEREFORE ORDERED that the Defendant's Motion to Transfer [Docket No. 11] is hereby GRANTED. IT IS FURTHER ORDERED that this case is hereby transferred to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED this 18th day of April, 2007.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**